# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JASON DEMETRIUS BLACK CLOUD,

    Plaintiff,

vs.

JERRY BURT, JERRY CONNOLLY, JOHN FAYRUM,

    Defendants.

No. 08-CV-0033-LRR

INITIAL REVIEW ORDER

## I. INTRODUCTION

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff filed such application on April 11, 2008. Along with his application to proceed in forma pauperis, the plaintiff submitted an application for appointment of counsel and a complaint pursuant to 42 U.S.C. § 1983. On May 29, 2008, the plaintiff filed a motion for health care.

## II. IN FORMA PAUPERIS APPLICATION

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $11.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

## III. THE PLAINTIFF'S COMPLAINT

Currently confined at the Anamosa State Penitentiary in Anamosa, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff states the following:

> Jerry Burt failed to maintain safe conditions [regarding] my confinement. [Jerry] Burt's neglect [caused] me to injury myself. [Jerry] Burt failed to acknowledge my injuries. John Fayrum failed to acknowledge the safety condition[s] of the institution that [caused me to sustain injuries]. John Fayrum failed to acknowledge my injuries and the pain and suffering I endured while being denied medical assistance. Jerry Connolly as well [as] the two other defendants in this complaint denied me medical treatment due to the injuries I sustained which resulted in negligence and pain [and] suffering I endured awaiting and still am waiting for medical assistance [and] treatment to my injuries.

In the relief portion of his complaint, the plaintiff states:

> I demand that [monetary] damages be awarded in the sum of $250,000.00 for neglect. I demand that [monetary] damages be awarded in the sum of $250,000.00 for negligence. I demand that [monetary] damages be award[ed] in the sum of $250,000.00 for pain and suffering. I demand that any future medical treatment be cover[ed for] the negligence caused by the defendants.

In his motion for health care, the plaintiff, among other things, explains that he believes he is entitled to be treated by a physician outside of the Anamosa State Penitentiary because he has filed an action against persons associated with the Anamosa State Penitentiary. Further, the plaintiff states that he has not received a professional and

sufficient consultation; plaintiff maintains that he needs to consult with a physician that specializes in the musculoskeletal system.

## IV.  DISCUSSION

### A.  Standard of Review

A pro se complaint must be liberally construed.  *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994).  A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1).  A claim is "frivolous" if it "lacks an arguable basis in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994).  Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis.  *See id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### B.  Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983, in relevant part, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct.

2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### C. The Plaintiff's Claims

Given the facts alleged in the instant complaint, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983.[1] Although the complaint names three

---

[1] The court notes that it does not appear that the plaintiff exhausted his administrative remedies prior to commencing the instant action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal required when inmate has not administratively exhausted before filing lawsuit in district court); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) ("The [requirements of 42 U.S.C. § 1997e(a)] are clear: if administrative remedies are available, a prisoner must exhaust
(continued…)

defendants, it only includes generalities and does not state what injury, if any, he suffered. Dismissal is warranted because the complaint does not include specific allegations against the named defendants; the instant action under 42 U.S.C. § 1983 is not cognizable because the plaintiff does not allege that the defendants were personally involved with or had direct responsibility for the incident that injured him. *See Gully v. Maynard*, 218 Fed. Appx. 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)). Moreover, the plaintiff essentially contends that the defendants acted negligently. Mere negligence on the part of prison officials does not rise to a constitutional violation. *See Blades v. Schuetzle*, 302 F.3d 801, 804 (8th Cir. 2002) (stating that mere negligence is insufficient to establish a violation of the Eighth Amendment); *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ("[N]egligence is inappropriate as an Eighth Amendment standard."); *Givens v. Jones*, 900 F.2d 1229, 1232 (8th Cir. 1990) (stating that the Eighth Amendment does not protect against mere acts of negligence on the part of prison officials); *see also Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (concluding mere negligence in relation to medical treatment does not rise to a constitutional violation); *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992) (stating mere negligent failure to diagnose or treat a condition does not give rise to a valid claim of mistreatment). In addition, an inmate's disagreement or displeasure with his course of medical treatment is not actionable under 42 U.S.C. § 1983, *see Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002); *Dulany v. Carnahan*, 132 F.3d 1234, 1239-44 (8th Cir. 1997); *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir.

---

[1](...continued)
them."); *cf. Jones v. Bock*, ___ U.S. ___, ___, 127 S. Ct. 910, 919-22, 166 L. Ed. 2d 798 (2007) (concluding that a plaintiff should be allowed to proceed on exhausted claims even though all of the claims are not exhausted). Nevertheless, nothing prevents the court from reviewing the merits of the plaintiff's claims. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (finding exhaustion requirements under 42 U.S.C. § 1997e(a) not met and dismissing case under 42 U.S.C. § 1997e(c)).

1993) (per curiam); *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

### D. *Application for Appointment of Counsel and Motion for Health Care*

Having concluded that it is appropriate to dismiss the instant action, there is no need to appoint counsel or grant injunctive relief. Accordingly, the court shall deny as moot the plaintiff's application for appointment of counsel and motion for health care.

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

(3) The agency having custody of the plaintiff is directed to submit $11.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

(4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

(5) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The plaintiff's application for appointment of counsel and motion for heath care are denied as moot.

**DATED** this 19th day of August, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Jason Demetrius Black Cloud, #1135756, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Black Cloud v. Burt, et al.*, Case No. C08-0033-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the prisoner's account information, the court has assessed an initial partial filing fee of $11.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

                                                  Robert L. Phelps
                                                  U.S. District Court Clerk
                                                  Northern District of Iowa